IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RIT TRAN,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:25-CV-1151-O |
| | § | (NO. 4:23-CR-085-O) |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Rit Tran under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On March 31, 2023, Movant was named in a two-count information charging him with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e), and with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). CR ECF No.[1] 17. Movant and his counsel signed a waiver of indictment, CR ECF No. 20, a factual resume, CR ECF No. 21, and a plea agreement with waiver of right to appeal. CR ECF No. 22. The factual resume set forth the penalties for each count, the elements of the offense charged by each count, and the stipulated facts establishing that Movant had committed each offense. CR ECF No. 21. The plea agreement likewise set forth the maximum penalties the Court could impose for each count. CR ECF No. 22. It reflected that the plea was freely and voluntarily made and was not the result of force, threats,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket sheet in the underlying criminal case, No. 4:23-CR-085-O.

or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was fully satisfied with his legal representation. *Id.*

On April 5, 2023, Movant appeared in open court for arraignment and testified under oath that: he had received, read, and fully understood the charges against him; he understood the essential elements of each charge and committed each of them; he had discussed the charges with counsel and was fully satisfied with the legal representation and advice he had received; he read, understood, and signed the plea agreement freely and voluntarily; he understood he was waiving his right to appeal or otherwise contest the judgment and sentence in his case; no promise or assurance or threat of any kind had been made to induce him to plead guilty; he understood the penalties he faced; he read, understood, and signed the factual resume and all the facts stated therein were true and correct. CR ECF No. 52.

The Court sentenced Movant to a term of imprisonment of 360 months as to count one and a term of imprisonment of 120 months as to count two, to be served consecutively. CR ECF No. 44. Movant appealed, CR ECF No. 47, even though he had waived the right to do so. CR ECF No. 22, ¶ 11. The United States Court of Appeals for the Fifth Circuit granted the government's motion for summary affirmance. *United States v. Tran*, No. 23-10865, 2024 WL 1110382 (5th Cir. Mar. 14, 2024). The United States Supreme Court denied his petition for writ of certiorari. *Tran v. United States*, 145 S. Ct. 235 (2024).

## II. GROUNDS OF THE MOTION

Movant asserts one ground in support of his motion, alleging that he received ineffective assistance of counsel. As supporting facts, he simply lists:

> Failure to challenge alleged statements made during arrest
> Failure to challenge Brady material in the district court
> Failure to challenge seizure of evidence & chain of evidence
> Failure to challenge search and arrest warrants
> Failure to properly investigate the case

ECF No.[2] 1 at 4.[3] The motion references "further information forthcoming," but Movant did not provide any further support for his motion. *Id.*

## III. APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number reference is to "Page __ of 15" reflected at the top right portion of the document on the Court's electronic filing system.

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient

performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

Movant's allegation that he received ineffective assistance of counsel is wholly conclusory and fails to support a claim for relief. *Miller*, 200 F.3d at 282. One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant offers no explanation. In any event, his guilty plea waived all non-jurisdictional defects in the proceedings leading to his conviction, including objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002). Moreover, Movant waived his right to pursue these claims as part of his plea agreement. CR ECF No. 22, ¶ 11. The waiver was knowing and voluntary and is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **12th day** of **January, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**